(No. 3912— )

CECIL E. STALLARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1946.*

DONOVAN D. McCARTY, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On May 9th, 1942 the respondent, through its Department of Public Safety, issued a 1936 Indian motorcycle to the claimant, Cecil E. Stallard, State Highway Maintenance Policeman, to be used by him in the performance of his duties. The motorcycle was equipped

with narrow tires, was hard riding, causing a constant jarring, and claimant soon began to suffer pains in his back. On August 3, 1942 he consulted Dr. Sheldon A. Jackson, of Olney, Illinois. A physical examination by Dr. Jackson at that time was negative, but the doctor prescribed diathermic massage, strapped claimant's back, prescribed a belt, and prescribed sodium salicylates and anadyne for pain. It was Dr. Jackson's opinion that the pain was caused by riding the motorcycle.

Claimant continued these treatments under the care of Dr. Jackson until February 20, 1943, although Dr. Jackson testified that he advised an operation for the removal of an intervertebral disc in December of 1942. Claimant paid Dr. Jackson for his services the total sum of $88.50.

At the time claimant first consulted Dr. Jackson, he took the motorcycle to the State Highway Garage at Effingham, Illinois, and there learned that it had a broken spring in the seat. No other motorcycle was available for claimant's use, and no parts were available for repair, so claimant continued to ride the motorcycle regularly for a month longer.

The pain continued, and in the early part of 1943 claimant reported his illness to his superior officers. In June, 1942, he consulted Mr. Harry Yde, then Chief of the Illinois State Police, at Springfield. As a result of that conference, claimant was examined by Dr. J. Albert Key, at Barnes Hospital, in St. Louis, Missouri, in the summer or early fall of 1942. Dr. Key advised claimant that he had a ruptured intervertebral disc, which necessitated an operation, and which was probably caused by riding a motorcycle.

Claimant reported the findings of Dr. Key to his superior officers, but received no instructions, other than

the advice of Capt. Trautsch, who told claimant that he should go ahead and have the operation, pay for it himself, and later present the bill to the department. Capt. Trautsch also advised him that his pay would continue during the period of his surgery and convalescence. Claimant testified, ''That was the general advice that I had in Springfield that day from Mr. Guy and Mr. Trautsch,'' and placed the conversation during the latter part of 1943.

Claimant, however, continued to work, and continued to ride the motorcycle. The pain in his back did not lessen. Sometime during 1944, he consulted an attorney, who advised him to have the operation performed. This was done, at Barnes Hospital, in St. Louis, on February 23, 1945, and two intervertebral discs were removed. He was discharged from the hospital on March 15, 1945. The total cost of the operation, including hospital room, X-ray, laboratory, anesthesia, and drugs, amounted to $265.75, which claimant paid. He now seeks reimbursement from the respondent for this payment and the payment to Dr. Jackson, in the total sum of $354.25.

Aside from the fact that it is questionable whether claimant has suffered an injury which is compensable under the Workmen's Compensation Act, his claim can not be allowed because it was not filed in apt time. The claim was filed May 1st, 1945, three years after claimant first rode the motorcycle in question, and almost two years after claimant was first advised of the necessity of an operation. Section 24 of the Workmen's Compensation Act provides that no proceedings for compensation under the act shall be maintained unless application for compensation is filed within one year after the date of the accident. Section 10 of the Court of Claims Act, allowing claims against the State to be filed within five

years after accrual, is inapplicable. *Scott* vs. *State*, 13 C. C. R. 163. Furthermore, the claim can not be allowed on the basis of equity and good conscience. *Crabtree* vs. *State*, 7 C. C. R. 207.

Considering the facts most favorably to the claimant, to comply with the act, this claim should have been filed within one year after the results of the examination of Dr. Key were made known to him.

The claim is, therefore, denied.